UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 3-09-70158 MEJ (BZ) |
| v. | ) | **DETENTION ORDER** |
| VAN HOANG NGUYEN, | ) | |
| Defendant. | ) | |

The government's motion to detain the defendant Van Hoang Nguyen came before this court on April 8, 2009. Assistant United States Attorney Cynthia Frey appeared for the government. The defendant was present with his counsel, Garrick Lew.

Having considered the parties' proffers, and the pretrial services report, which recommended detention, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant presents a risk of flight. I also find that defendant has not proposed conditions of release which might reasonably assure that he would make his appearances. Some of the factors which I considered in

1

reaching this decision follow:

1. The defendant is charged in an indictment in Oregon with violating 21 U.S.C. §§ 841(a)(1) and 846, which are controlled substances offenses. If convicted, the defendant faces up to 5 years in prison, thereby giving him an incentive to flee.

2. Defendant has the ability to flee. Defendant's mother and many siblings reside in Vietnam, and he regularly travels to Vietnam to visit them. His last trip to Vietnam was in February of 2009, and he was arrested when returning from there to the United States. He has a United States Passport, and has used it to travel regularly in recent years.

3. Defendant does not have strong ties to the community. While Defendant has lived in the Bay Area for almost 20 years, none of his immediate family members reside in California and he has not established strong roots here. His wife currently lives in Kansas. His mother and siblings reside in Vietnam.

4. Defendant does not have a stable employment history. Although defendant asserts he has a pending job offer, he is currently unemployed and lacks a significant history of verifiable employment.

5. Nor does defendant appear to have close ties to Oregon, where he was indicted.

6. Defendant has an outstanding state warrant and has had previous problems while on probation.

7. Defendant proposed he be released on a $100,000 unsecured bond signed by his wife, and his uncle and aunt, and that he live with his uncle and aunt. I find that none of

these individuals are financially responsible sureties and that the proposed bond is inadequate.  This risk is heightened by the fact that he was indicted in Oregon and must travel there.  Defendant has not proffered any conditions of release that will alleviate the risk of flight and assure his presence at the court proceedings in Oregon.

Based on the foregoing, the government's motion to detain is **GRANTED.  IT IS HEREBY ORDERED** that:

(1) The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: April 8, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2009\NGUYEN DETENTION ORDER - FINAL.wpd